Matter of Scharf (2021 NY Slip Op 01126)





Matter of Scharf


2021 NY Slip Op 01126


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Cynthia S. Kern
Jeffrey K. Oing
Manuel J. Mendez
Martin Shulman, JJ.


Motion No. 2020-04115 Case No. 2020-04962 

[*1]In the Matter of Leslie H. Scharf (Admitted as Leslie Harris Scharf), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Leslie H. Scharf (OCA Atty. Reg. No. 2587277), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Leslie Harris Scharf, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 26, 1994.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Victor J. Rocco, Esq., for respondent.



Per Curiam 


Respondent Leslie H. Scharf was admitted to the practice of law in the State of New York by the Second Judicial Department on January 26, 1994, under the name Leslie Harris Scharf. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.
On September 3, 2020, respondent entered a plea of guilty in Supreme Court, New York County, to grand larceny in the first degree (Penal Law § 155.42), a class B felony. During the plea proceeding respondent admitted that, between 2006 and 2019, he was employed as general counsel and senior vice president of Ellison Systems, Inc., d/b/a Shoplet, and between May 26, 2013 and July 22, 2019, without permission or authority to do so, he transferred in excess of $5.9 million from Shoplet"s PayPal accounts to PayPal accounts in his own name, using those funds for personal purposes.
On October 8, 2020, respondent was sentenced to an indeterminant term of imprisonment of 3 to 9 years. Respondent provided restitution in the amount of approximately $1.45 to $1.5 million dollars, and there is a civil judgment against him for $6.8 million.
The Attorney Grievance Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b), and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the ground that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred. Respondent"s counsel was served with this motion but has not submitted a response.
The Committee correctly asserts that respondent's conviction of the New York felony of grand larceny in the first degree is a basis for automatic disbarment pursuant to Judiciary Law § 90(4)(a), which provides: "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph (e) of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such." Judiciary Law § 90(4)(e) sets forth, in pertinent part, "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state ...." Upon such conviction, "there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys" (Judiciary Law § 90[4][b]).
Accordingly, as respondent's conviction of grand larceny in the first degree constitutes grounds for disbarment, we grant the Committee"s motion and strike his name from the rolls pursuant to Judiciary Law § 90(4)(b) and 22 NYCRR § 1240.12(c)(1), nunc pro tunc to September 3, 2020 (see Matter of Ogihara, 121 AD3d [*2]47 [1st Dept 2014]; Matter of Arntsen, 106 AD3d 17 [1st Dept 2013]).
All concur.
It is Ordered that the motion of the Attorney Grievance Committee for the First Judicial Department is granted, and pursuant to Judiciary Law § 90(4)(b) and 22 NYCRR § 1240.12(c)(1), respondent, Leslie H. Scharf, (admitted as Leslie Harris Scharf), is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 3, 2020, and
It is further Ordered that respondent, Leslie H. Scharf, (admitted as Leslie Harris Scharf), is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent, Leslie H. Scharf, (admitted as Leslie Harris Scharf), is directed to fully comply with the provisions of the Court"s rules governing the conduct of disbarred or suspended attorneys (see 22NYCRR 1240.15), which is made a part hereof, and
It is further Ordered that if respondent, Leslie H. Scharf, (admitted as Leslie Harris Scharf), has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).
Entered. February 18, 2021